## Abstract of the Decision.

1. SALES, § 401*—*when evidence sufficient to sustain verdict.*
Evidence in an action for breach of warranty of a horse, *held* not
to justify the reversal of a judgment for the plaintiff.

2. SALES, § 241*—*when doctrine of caveat emptor inapplicable.*
The doctrine of *caveat emptor held* not to apply where a vendor
of a horse, knowing that it was permanently diseased, warranted
it to be sound and explained to the purchaser thereof that its lame-
ness was due to a cause other than that to which it was really
due, and such purchaser, without having any other information in
regard to the matter, made the purchase on the strength of such
representation.

3. SALES, § 402*—*when instruction in action for breach of war-
ranty of horse correct.* In an action for a breach of warranty of a
horse, an instruction that if the jury "believe from a preponder-
ance of evidence that the horse in question was unsound and
it was known to the defendant when he sold the horse to the
plaintiff and that the defendant told plaintiff that the horse was
sound and the plaintiff purchased the horse without knowledge
of the unsoundness and relying," etc., *held* a sufficient charge that
the representation must have been made at the time of the sale in
order to justify a recovery.

---

## Gabriel C. Stauffer, Plaintiff in Error, v. State Bank of Mansfield, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Piatt county; the Hon. WILLIAM
K. WHITFIELD, Judge, presiding. Heard in this court at the Octo-
ber term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Motion by Gabriel C. Stauffer, defendant, to set
aside a judgment by confession entered against him by
the State Bank of Mansfield, plaintiff. To review an

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same** topic and section number.

order overruling the motion, the defendant prosecutes a writ of error.

C. C. LE FORGEE and ELIM J. HAWBAKER, for plaintiff in error.

C. H. FIRKE and HERRICK & HERRICK, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 82*—*when motion to set aside judgment by confession properly overruled.* Where, in an affidavit filed on a motion to set aside a judgment entered on confession and for leave to plead, no facts were set up showing a defense to the action, *held* that the motion was properly overruled.

2. JUDGMENT, § 82*—*when affidavit in support of motion to set aside judgment by confession insufficient.* Where a judgment had been entered by confession on a promissory note, a motion to set such judgment aside and for leave to plead to the action was *held* properly overruled, it appearing that the affidavit filed in support of the motion stated merely that a bill in chancery, a copy of which was attached to the affidavit, was filed against the plaintiff and other persons by the defendant, asking for an accounting between them, no mention being made in the bill of the note on which the judgment was entered, nor in the affidavit except that the defendant had not, prior to the filing of the bill, any knowledge that the plaintiff was in possession of such note, since there was no showing that the note was involved in any way in the chancery suit except by inference.

3. SET-OFF AND RECOUPMENT, § 3*—*when unnecessary to interpose.* There is no statute in this State requiring parties to actions begun in the Circuit Court to plead a set-off or counterclaim, and independent actions may be brought thereon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.